## D. A. DECKER v. JAMES S. RIGHTER et al.

### No. 371.*   (58 Pac. 1009.)

1. FIRE INSURANCE—*Mutual Company— Contested Claim—Assessment.* A contested claim against a mutual fire insurance company for loss by fire does not become such a liability of the company as to require an assessment, under section 157 of chapter 74, General Statutes of 1897 (Gen. Stat. 1899, § 3374), until the same is allowed by the company or established by a court of competent jurisdiction.

2. ——— *Damages—Liability of Directors.* The liability of the directors of a mutual fire insurance company, under section 159 of chapter 74, General Statutes of 1897 (Gen. Stat. 1899, § 3376), is for such damages as the person may sustain by reason of the wilful refusal or neglect of such directors to perform the duties imposed upon them by the provisions of the act under which the company existed.

Error from Cloud district court; F. W. STURGES, judge. Opinion filed November 4, 1899. Affirmed.

*Pulsifer & Alexander*, for plaintiff in error.

*L. J. Crans*, and *R. R. Rees*, for defendants in error.

*Petition for order to certify denied by supreme court December 30, 1899.—REP.

The opinion of the court was delivered by

WELLS, J.:  On June 6, 1895, the plaintiff in error D. A. Decker became a member of the Ottawa County Farmers' Mutual Insurance Company, of Minneapolis, Kan., a corporation organized under the laws of this state, and received a policy therefrom insuring certain property against loss by fire.  On November 11, 1895, the insured property burned.  On January 6, 1897, Decker recovered a judgment against the company in the district court of Cloud county for $946.59 for his loss.  An execution was issued and returned "no property found."

On April 2, 1897, this action was begun to recover the amount of said judgment from the defendants as the directors of said company, under that part of section 159 of chapter 74, General Statutes of 1897 (Gen. Stat. 1899, § 3376) which reads as follows :

"The directors of any company so formed who shall wilfully refuse or neglect to perform the duties imposed upon them by the provisions of this act shall be liable in their individual capacity to the person sustaining such loss."

After the evidence was all in the court instructed the jury to return a verdict for the defendants, which was done and judgment rendered accordingly, and this is the substance of the errors complained of.

We do not think the question as to whether the law referred to is a remedial or a penal statute is the controlling question in this case.  The delinquencies of the defendants alleged as the basis of their individual liability are in wilfully refusing and neglecting to perform the following duties :  (1) To make an assessment on September 30, 1896, against the members of said company sufficient to liquidate the liabilities

thereof; (2) to maintain and repair the reserve fund as required by law; (3) to make and publish statement as required by law; (4) to require the secretary and treasurer to give bonds; (5) to see that the cash payments and premium notes be kept to the relative proportion required by law; and (6) to disburse the funds collected according to law *pro rata* among the creditors.

The plaintiff's claim was not adjusted, but was contested, and did not become an adjudicated demand against the company until January 6, 1897, and until that time the company was not required to take any special steps looking to its payment. This being true, no assessment could have been properly made in September, 1896, to pay this claim, then disputed, and the proceeds of the assessment made in December appear to have been applied to the payment of the claims for which it was collected.

The next question is, For what are the directors liable in their individual capacity to the person sustaining such loss? Is it for the debt, or for the damages resulting from their neglect of duty? It seems to us clear that it is the latter. If the directors wilfully refuse or neglect to perform the required duties, they are responsible only for the damages caused by such failure. We find nothing in the evidence to indicate that the plaintiff would have recovered any greater sum than he has recovered, or will recover, had the defendants done all that the law required them to do, and nothing from which the jury could have assessed the amount of the damages sustained by the plaintiff on account of the official delinquencies of the defendants.

The judgment of the district court is affirmed.