[Civ. No. 6554.   Third Dist.—June 25, 1941.]

JESSE W. JONES et al., Appellants, v. C. A. BENSON et al., Respondents.

Taft & Spurr for Appellants.

Lovett K. Fraser for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them in a suit for damages against the directors of Lake County Farmers Mutual Fire Insurance Company as a penalty for failure to levy an assessment to pay the loss sustained on account of a fire, pursuant to section 7018 of the Insurance Code of California.

The complaint alleges and the court found that the Lake County Farmers Mutual Fire Insurance Company was organized pursuant to law (Stats. 1897, p. 439 [Deering's Gen. Laws 1931, Act 3729]), and was engaged in business in Lake County prior to May, 1936; that the defendants were directors of the company; that on November 25, 1932, plaintiffs were members of the company which carried upon the

property of plaintiffs insurance against fire in the aggregate sum of $4,676, upon which they paid a premium of $50.35 for three years; that on the last-mentioned date the company had outstanding policies in full force in favor of various other members in the aggregate sum of $714,906, but that all of these policies had expired prior to January 1, 1936, after which time no policies were issued, and the company conducted no further business; that the board of directors never thereafter held a meeting for any purpose whatever; that on November 29, 1932, plaintiffs' insured property was entirely destroyed by fire and they promptly made a claim to the company for compensation on that account, which was denied; that suit was thereupon filed against the company for compensation under their policies, which suit was regularly tried and judgment was rendered for plaintiffs May 10, 1936, for the full sum of $4,676. From that judgment no appeal was taken, and it became final; that execution was thereafter issued and returned by the sheriff unsatisfied.

This suit was filed against the directors of the insurance company, under section 7018 of the Insurance Code of California, April 24, 1939, for damages, in the nature of a penalty, for wilful failure to levy an assessment "upon all of the property insured" by the company as provided by section 7010 and 7011 of the Insurance Code. After a demurrer to the complaint had been overruled, the defendants answered, denying the material allegations of the complaint. The cause was tried by the court which adopted findings as above stated, including a determination that:

"The Lake County Farmers Mutual Fire Insurance Company ceased to do business in 1934, and there was no policy in force after the 1st day of January, 1935."

The preceding finding is supported by the evidence. Mr. Victor Eickhoff, who was secretary of the insurance company from 1933 until it ceased to do business, testified:

"They [the company] discontinued writing any new policies in, I think, January or February, 1933, or maybe it was later in the year, and *all policies had expired in 1935.*"

Judgment was rendered in this case against the plaintiffs to the effect that they take nothing by this action. From that judgment this appeal was perfected.

■ We are of the opinion the findings and judgment are amply supported by the evidence. The directors are not liable for damages for willfully failing to levy an assessment after the amount of loss was ascertained by the rendering of judgment for $4,676, on May 10, 1936, for the reason that there were thereafter no policies of insurance in force against any properties owned by members of the company, upon which a levy of assessment could lawfully be made. Since there were no properties against which a levy could be lawfully assessed, after the amount of the loss had been ascertained, it follows that the directors could not possibly be guilty of failure to perform their duty in that regard. This is not a suit against individual members of the mutual fire insurance company for contribution for payment of losses sustained. It is merely a suit against the directors for damages, in the nature of a penalty, for wilful failure to perform a duty as such officers. The liability for contribution of individual members is not involved.

The original County Fire Insurance Act (Stats. 1897, p. 439 [Deering's Gen. Laws, 1931, Act 3729]), upon which the appellants rely, was repealed in 1935, by the enactment of the California Insurance Code. (Stats. 1935, p. 496.) Substantially the same provisions of the original act are retained in the Insurance Code, in so far as they apply to this suit. Section 7010 of the last-mentioned act provides that:

"When any loss exceeds in amount the cash funds of the insurer and also exceeds one-eighth of one per cent of the total amount *of the insurer's insurance in force*, its president shall convene its directors to make an assessment."

The following section provides that:

"Upon being convened for the purpose, the directors shall make an assessment *upon all of the property insured in the insurer*. Such assessment shall be in proportion to the amount for which each piece of property is insured, taken in connection with the rate of premium under which it is classified."

Section 7018 of that code then provides:

"A director of any such insurer who *wilfully refuses or neglects* to perform the duties imposed upon him by law or by the insurer's by-laws shall be liable in his individual capacity to the person sustaining a loss."

Section 13 of the "Constitution and Articles" of the Lake County Farmers Mutual Fire Insurance Company, to which each member subscribes, and which is the measure of liability of the *directors* for failure to levy an assessment, provides for calling a meeting of the board for that purpose, when there is a lack of funds to meet obligations for fire losses, after "the amount of any loss shall have been ascertained". It reads:

"*When the amount of any loss shall have been ascertained,* which exceeds in amount the cash funds of the company, the president shall convene the Board of Directors of the company, who shall make an assessment upon all the property to the amount for which each several piece of property is insured, taken in connection with the rate of premium under which it may be classified."

In the present case the company's liability for the plaintiffs' loss was rejected. The amount of loss sustained by them was not *ascertained* until after trial of the case based on their policies had been reduced to judgment on May 10, 1936. The liability of the directors to pay a penalty for failure to levy an assessment could not have accrued prior to that date. The Supreme Court of Kansas, in construing a similar statute, in which the facts were practically the same as they are in this case (*Decker* v. *Righter*, 9 Kan. App. 431 [58 Pac. 1009]), held that the liability of directors of a mutual fire insurance company for failure to call a meeting of the board and levy an assessment to pay a loss sustained by an insured member, did not accrue until the amount of loss was ascertained by the rendering of judgment. We are in accord with that decision. The court there said:

"The plaintiff's claim was not adjusted, but was contested, and did not become an adjudicated demand against the company until January 6, 1897 (when the judgment was rendered), and until that time the company was not required to take any special steps looking to its payment. This being true, no assessment could have been properly made in September, 1896, to pay this claim, then disputed."

In the present case, since the amount of loss was not ascertained until May 10, 1936, at which time there were no insurance policies in force upon property against which assessments could be lawfully levied, it follows that the directors

did not fail to perform any duty imposed upon them by law. The court therefore properly held that plaintiffs were not entitled to recover judgment against the directors of the company.

In view of our foregoing conclusions it is unnecessary to pass upon other contentions of the respondents in support of the judgment.

The judgment is affirmed.

Pullen, P? J., and Tuttle, J., concurred.

A petition for a rehearing was denied July 25, 1941, and appellants' petition for a hearing by the Supreme Court was denied August 21, 1941. Carter, J., voted for a hearing.